**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CYNTHIA POWELL,

    Plaintiff,

vs.                                Case No. 3:05-cv-1084-J-HTS

JO ANNE B. BARNHART,
Commissioner of
Social Security,

    Defendant.
_____

**O R D E R**[1]

This cause is before the Court on the Unopposed Motion for Entry of Judgment with Remand (Doc. #12; Motion), filed on May 9, 2006. Defendant requests that the case be remanded

> in order to obtain testimony/evidence from a medical expert to clarify the nature and severity of Plaintiff's impairments prior to . . . her date last insured - particularly her bladder condition/self-catheterization and spina bifida, and whether her impairments met or equaled any listed impairment during that time.
>
> If warranted, the ALJ will obtain additional evidence concerning Plaintiff's bladder condition/self-

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #7), filed on January 5, 2006.

>    catheterization as it relates to the period prior to September 30, 1993, Plaintiff's date last insured.
>
>    The ALJ will also give further consideration to Plaintiff's testimony and provide a credibility evaluation consistent with 20 C.F.R. § 404.1529 and SSR 96-7p.  The credibility evaluation must contain specific reasons for the finding on credibility, supported by the evidence in the case record and must be sufficiently specific to make clear to the individual and to subsequent reviewers the weight the adjudicator gave to the individual's statement and the reasons for that weight.
>
>    The ALJ will further consider Dr. Barros' opinion pursuant to the provisions of 20 C.F.R. § 404.1527(d)(2) and SSR 96-2p, and explain the weight given to such evidence.  The ALJ may request that Dr. Barros provide additional evidence or further clarification of his opinions, or submit a medical source statement about what Plaintiff can still do despite her impairments.
>
>    The ALJ will give further consideration to Plaintiff's maximum RFC and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations in accordance with 20 C.F.R. § 404.1545 and SSR 96-8p.  Furthermore, the ALJ will obtain VE testimony to determine whether Plaintiff could return to her past work, and if she cannot return to her past work, to determine what jobs, if any, she could perform in light of her RFC and all of the evidence of record, including any nonexertional limitations supported by the evidence of record.  The hypotheticals posed to the VE should include Plaintiff's documented exertional and nonexertional limitations.

Motion at 1-2.  The Commissioner asserts the case should "be reversed and remanded under sentence four of 42 U.S.C. §405(g) (dealing with judicial review of benefit determinations)[.]" *Id.* at 3.  It is represented counsel for Plaintiff has no objection to the Motion, *id.* at 2, and such a disposition is clearly within the Court's authority.  *See Shalala v. Schaefer*, 509 U.S. 292 (1993).

- 2 -

Accordingly, the Motion (Doc. #12) is **GRANTED**, and the Clerk of the Court is directed to enter judgment **REVERSING AND REMANDING** this case pursuant to sentence four of 42 U.S.C. § 405(g) with instructions for the Commissioner to conduct the proceedings set forth herein.

**DONE AND ORDERED** at Jacksonville, Florida this 12th day of May, 2006.

/s/        Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
    *pro se* parties, if any